IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI SHAH MOUSOVI, *et al.*, )<br><br>Petitioners, )<br><br>v. )<br><br>GEORGE W. BUSH, )<br>President of the United States, )<br>*et al.*, )<br><br>Respondents. ) | Civil Action No. 05-CV-1124 (RMC) |

**RESPONDENTS' MOTION TO STAY PROCEEDINGS PENDING RELATED
APPEALS AND FOR CONTINUED COORDINATION AND OPPOSITION TO
PETITIONERS' MOTION FOR THE IMMEDIATE ISSUANCE OF A WRIT OF
HABEAS CORPUS OR ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 2243**

For the reasons explained below, respondents move to stay proceedings in the above-

captioned case pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos.

04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed,

Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, No. 02-

CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal,

No. 05-5064 (D.C. Cir. Mar. 10, 2005). The pending appeals will address the core issues in this

case and, thus, determine how this case should proceed, if at all. It makes no sense for the case

to proceed prior to resolution of the appeals; further proceedings would require the expenditure

of significant judicial and other resources that may be avoided as a result of the appeals, and, in

any event, such proceedings very likely would have to be revisited or relitigated once the appeals

are decided and the Court of Appeals provides guidance regarding handling of the claims in all of the Guantanamo detainee cases.[1]

In seeking a stay, however, respondents do not intend thereby to block counsel access to properly represented petitioners.  To that end, respondents do not object to entry of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access.[2]  See Unopposed Motion for Entry of Protective Order, filed July 8, 2005 (dkt. no. 4).

Pursuant to LCvR 7(m), counsel for respondents conferred with counsel for petitioners, who oppose the relief requested herein.

## BACKGROUND

The above-captioned case is one in the latest round of habeas petitions filed on behalf of aliens detained by the Department of Defense ("DoD") at the United States Naval Base at Guantanamo Bay, Cuba.  Within just a few weeks after the Supreme Court's decision in Rasul v. Bush, 542 U.S. 466 (2004), which held that aliens apprehended abroad and detained at Guantanamo as enemy combatants can invoke the habeas jurisdiction of a district court under 28

---

[1]  Respondents have ascertained that petitioners Abdul Razak Iktiar Mohammed, Haji Nusrat and Ali Shah Mousovi have other, previously-filed petitions for writ of habeas corpus pending in this Court.  See Mohammed v. Bush, No. 05-CV-1002 (EGS); Nasrat v. Bush, No. 05-CV-0880 (ESH); Ali Shah v. Bush, No. 05-CV-1012 (ESH).  Respondents have also been unable to identify petitioners Wali Mohammed Morafa and Abd-al-Rahman as detainees at Guantanamo Bay.  Counsel for respondents have advised counsel for petitioners about these circumstances and expect to consult further as to appropriate action with respect to these five petitioners.

[2]  Respondents' lack of objection to entry of these orders, however, is without prejudice to their right to challenge any particular terms of these orders in any future proceedings as appropriate.

U.S.C. § 2241, there were pending in this Court thirteen habeas lawsuits on behalf of more than

60 Guantanamo detainees.  Given the common issues involved in the Guantanamo detainee

cases, the situation led this Court to issue, on or about September 14, 2004, a Resolution of the

Executive Session, providing that the Guantanamo detainee cases and any similar cases filed in

the future were to be transferred to Senior Judge Joyce Hens Green for coordination and

management, with the transferring judges retaining the cases for all other purposes.  Under the

Resolution, Judge Green was to decide any common procedural and substantive issues with the

consent of the transferring judge(s).

 Pursuant to her charge, Judge Green established a schedule for the filing by respondents

of returns indicating the factual bases for the detention of each petitioner and also scheduled

briefing on the legal issues pertaining to the petitions, i.e., on respondents' motion to dismiss or

for judgment as a matter of law.  Judge Green also entered a protective order applicable to the

cases, which included procedures for counsel access to detainees, taking into account the

potentially classified nature of much of the information held by or pertaining to the detainees.

See November 8, 2004 Amended Protective Order and Procedures for Counsel Access to

Detainees at the United States Naval Base in Guantanamo Bay, Cuba, 344 F. Supp. 2d 174

(D.D.C. 2004).

 On January 19, 2005, Judge Leon granted respondents' motion to dismiss or for judgment

in its entirety, concluding that constitutional protections do not extend to aliens outside sovereign

United States territory, such as petitioners, and that petitioners also have no viable claims under

U.S. statutory law or international law or treaties.  See Khalid v. Bush, No. 04-CV-1142 (RJL),

Boumediene v. Bush, No. 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005).  The Khalid

and <u>Boumediene</u> cases are currently on appeal to the D.C. Circuit.  <u>See</u> Nos. 05-5062, 05-5063 (D.C. Cir.).

On January 31, 2005, Judge Green entered an order (and memorandum opinion) in eleven other of the pending Guantanamo Bay detainee cases[3] denying in part and granting in part respondents' motion to dismiss or for judgment as a matter of law.  <u>See</u> Memorandum Opinion Denying in Part and Granting in Part Respondents' Motion to Dismiss or for Judgment as a Matter of Law in <u>In re Guantanamo Detainee Cases</u>, No. 02-CV-0299, <u>et al.</u>, 355 F. Supp. 2d 443 (D.D.C. 2005).  Contrary to the prior decision of Judge Leon, Judge Green, <u>inter alia</u>, determined that procedural "due process" protections apply to aliens detained at Guantanamo Bay and that the Combatant Status Review Tribunal proceedings the military has used to confirm detainees' status as enemy combatants do not satisfy these due process requirements.  <u>Id.</u> at 453-78. Further, in her decision, Judge Green agreed with the decision of Judge Robertson in <u>Hamdan v. Rumsfeld</u>, 344 F. Supp. 2d 152, 165 (D.D.C. 2004), <u>appeal docketed</u>, No. 04-5393 (D.C. Cir. Nov. 16, 2004), and concluded that the Third Geneva Convention is "self-executing" and can provide petitioners with a claim in a habeas action.  355 F. Supp. 2d at 478-80.  Judge Green, however, dismissed petitioners' remaining constitutional, statutory, international law, and treaty claims.  <u>Id.</u> at 480-81.

---

[3] <u>Hicks v. Bush</u>, No. 02-CV-0299 (CKK); <u>Al Odah v. United States</u>, No. 02-CV-0828 (CKK); <u>Habib v. Bush</u>, No. 02-CV-1130 (CKK); <u>Kurnaz v. Bush</u>, No. 04-CV-1135 (ESH); <u>O.K. v. Bush</u>, No. 04-CV-1136 (JDB); <u>Begg v. Bush</u>, No. 04-CV-1137 (RMC); <u>El-Banna v. Bush</u>, No. 04-CV-1144 (RWR); <u>Gherebi v. Bush</u>, No. 04-CV-1164 (RBW); <u>Anam v. Bush</u>, No. 04-CV-1194 (HHK); <u>Almurbati v. Bush</u>, No. 04-CV-1227 (RBW); and <u>Abdah v. Bush</u>, No. 04-CV-1254 (HHK).

Judge Green noted that her January 31, 2005 decision on respondents' motion to dismiss or for judgment "technically applie[d] only to the eleven cases contained in the [opinion's] caption," but the Court nevertheless acknowledged that the opinion "addresse[d] issues common" to eight other Guantanamo Bay detainee cases that had been filed during or after the briefing and oral argument that resulted in the Court's opinion.[4]  See id. at 452 & n.15.

On February 3, 2005, respondents filed a motion seeking certification of the January 31, 2005 order for interlocutory appeal and filed a motion to stay all the Guantanamo Bay detainee cases pending at that time, consistent with the need for these cases to proceed in a coordinated fashion.  Thus, the motion was filed as a motion for certification of order for interlocutory appeal and for a stay in the eleven cases in which the January 31, 2005 order was entered, and was filed by respondents solely as a motion to stay in the other then-pending cases.  Judge Green certified her January 31, 2005 decision on respondents' motion to dismiss or for judgment for appeal and stayed proceedings in the eleven cases in which the January 31, 2005 order was entered, "for all purposes pending resolution of all appeals."  Judge Green left the decision whether to stay cases other than the eleven to the individual judges in those cases.  See Order Granting in Part and Denying in Part Respondents' Motion for Certification of Jan. 31, 2005 Orders and for Stay in In re Guantanamo Detainee Cases (Feb. 3, 2005) (Green, J.).

Various petitioners in the eleven cases sought reconsideration of Judge Green's stay order, arguing that the Court should permit factual development and proceedings regarding

---

[4] Belmar v. Bush, No. 04-CV-1897 (RMC); Al-Qosi v. Bush, No. 04-CV-1937 (PLF); Paracha v. Bush, No. 04-CV-2022 (PLF); Al-Marri v. Bush, No. 04-CV-2035 (GK); Zemiri v. Bush, No. 04-CV-2046 (CKK); Deghayes v. Bush, No. 04-CV-2215 (RMC); Mustapha v. Bush, No. 05-CV-22 (JR); Abdullah v. Bush, No. 05-CV-23 (RWR).

detainee living conditions to go forward.  See, e.g., Petrs' Motion for Reconsideration of Order

Granting Stay Pending Appeal at 9-10 (dkt. no. 203 in Al Odah, No. 02-CV-0828 (CKK)).  Judge

Green, however, denied the motion for reconsideration

> in light of the substantial resources that would be expended and the
> significant burdens that would be incurred should this litigation go
> forward, and . . . [in] recognition that a reversal of the Court's
> January 31, 2005 rulings would avoid the expenditure of such
> resources and incurrence of such burdens . . . .

See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re

Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 482 (D.D.C. 2005)

(Green, J.).

On February 9, 2005, pursuant to Judge Green's certification, respondents filed a petition

for interlocutory appeal of the January 31, 2005 decision with the D.C. Circuit, see 28 U.S.C.

§ 1292(b), and requested that the appeal proceed on an expedited basis.  Further, petitioners in

the eleven cases subject to Judge Green's decision filed a cross-petition for interlocutory appeal

with the D.C. Circuit and petitioners in Al-Odah appealed Judge Green's stay order.  On March

10, 2005, the D.C. Circuit accepted the interlocutory appeal.  In addition, as noted above,

petitioners in Khalid and Boumediene appealed Judge Leon's decision.  Oral argument in both

appeals is scheduled for October 6, 2005.  The Hamdan case, as noted above, is already on

appeal to the D.C. Circuit, and oral argument in that case was held on April 7, 2005.

In light of these pending appeals, several of the cases pending at the time of Judge

Green's decision, but that Judge Green did not stay, have been stayed pending appeal.  See

Paracha, No. 04-CV-2022 (PLF) (dkt. no. 49); Al Marri, No. 04-CV-2035 (GK) (dkt. no. 26);

Zemiri, No. 04-CV-2046 (CKK) (dkt. no. 32); Deghayes, No. 04-CV-2215 (RMC) (dkt. no. 7);

Mustapha, No. 05-CV-22 (JR) (dkt no. 7); Abdullah, No. 05-CV-23 (RWR) (dkt. no. 16).  As

Judge Kessler stated in her stay order in Al Marri,

> The opinions resolving Judge Leon's and Judge Green's cases
> encompass and discuss many of the precise issues raised in
> Respondents' Motion [to Stay]. Thus, until the Court of Appeals
> addresses these issues, the law in this Circuit is unsettled, since
> Judge Green and Judge Leon reached different conclusions about
> many of the issues before them. Requiring this case to proceed
> before appellate resolution of those cases therefore would involve
> an unnecessary expenditure of judicial resources.

Order dated March 8, 2005 in Al-Marri, No. 04-CV-2035 (GK), at 2.

Since February 3, 2005 – the date respondents moved to stay all of the Guantanamo Bay

detainee cases pending at that time – over 90 new petitions, involving approximately 150

petitioners, have been filed.  Respondents have filed motions to stay proceedings in these new

cases for the reasons stated herein, and several Judges of this Court have stayed proceedings in

the cases pending before them.[5]  The above-captioned case is part of the latest wave of new

---

[5]  See Al Mohammed v. Bush, No. 05-CV-0247 (HHK) (dkt. no. 18); El-Mashad v. Bush,
No. 05-CV-0270 (JR) (dkt. no. 29); Al-Adahi v. Bush, No. 05-CV-0280 (GK) (dkt. no. 35); Al
Joudi v. Bush, No. 05-CV-0301 (GK) (dkt. no. 26); Al-Wazan v. Bush, No. 05-CV-0329 (PLF)
(dkt. no. 15); Al-Anazi v. Bush, No. 05-CV-0345 (JDB) (dkt. no. 21); Alhami v. Bush, No. 05-
CV-0359 (GK) (dkt. no. 20); Ameziane v. Bush, No. 05-CV-0392 (ESH) (dkt. no. 12); Sliti v.
Bush, No. 05-CV-0429 (RJL) (dkt. no. 8); M.C. v. Bush, No. 05-CV-0430 (ESH) (dkt. no. 10);
Kabir v. Bush, No. 05-CV-0431 (RJL) (dkt. no. 10); Qayed v. Bush, No. 05-CV-0454 (RMU)
(dkt. no. 4); Al-Shihry v. Bush, No. 05-CV-0490 (PLF) (dkt. no. 14); Aziz v. Bush, No. 05-CV-
492 (JR) (dkt. no. 16); Qassim v. Bush, No. 05-CV-0497 (JR) (dkt. no. 14); Al-Oshan v. Bush,
No. 05-CV-0520 (RMU) (dkt. no. 12); Tumani v. Bush, No. 05-CV-0526 (RMU) (dkt. no. 5);
Al-Oshan v. Bush, No. 05-CV-0533 (RJL) (dkt. no. 6); Al Shamri v. Bush, No. 05-CV-0551
(RWR) (dkt. no. 10); Salahi v. Bush, No. 05-CV-0569 (JR) (dkt. no. 8); Mammar v. Bush, No.
05-CV-0573 (RJL) (dkt. no. 5); Al-Sharekh v. Bush, No. 05-CV-0583 (RJL) (dkt. no. 9);
Magram v. Bush, No. 05-CV-0584 (CKK) (dkt. no. 9); Al Rashaidan v. Bush, No. 05-CV-0586
(RWR) (dkt. no. 10); Mokit v. Bush, No. 05-CV-0621 (PLF) (dkt. no. 13); Al Daini v. Bush, No.
05-CV-0634 (RWR) (dkt. no. 10); Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 16);
Battayav v. Bush, No. 05-CV-0714 (RBW) (dkt. no. 12); Adem v. Bush, No. 05-CV-0723
(RWR) (dkt. no. 13); Hamlily v. Bush, No. 05-CV-0763 (JDB) (dkt. no. 10); Imran v. Bush,
No.

petitions.  To ensure continued coordination of all the Guantanamo detainee habeas cases, and

for the reasons explained below, the proceedings in this case should be stayed pending resolution

of all appeals.

## ARGUMENT

**I.    The Court Should Grant a Stay of the Above-Captioned Guantanamo Bay Detainee Case Pending Resolution of the Pending Related Appeals.**

In light of the extraordinary issues presented in the above-captioned case that must be

resolved on appeal, respondents seek a stay of this case, which presents issues, indeed core

claims, that are directly raised in, or will be affected by decisions in, the appeals in In re

Guantanamo Detainee Cases, Khalid, Boumediene, and Hamdan.  The outcome of the appeals

will determine how all of the Guantanamo detainee cases should proceed, if at all.  In light of this

fact, this case should not go forward prior to obtaining such guidance from the D.C. Circuit

through the resolution of the appeals.[6]

---

05-CV-0764 (CKK) (dkt. no. 6); Hamamy v. Bush, No. 05-CV-0766 (RJL) (dkt. no. 6);
Hamoodah v. Bush, No. 05-CV-0795 (RJL) (dkt. no. 13); Rahmattullah v. Bush, No. 05-CV-
0878 (CKK) (dkt. no. 3); Nasrat v. Bush, No. 05-CV-0880 (ESH) (dkt. no. 4); Slahi v. Bush, No.
05-CV-0881 (RWR) (dkt. no. 5); Chaman v. Bush, No. 05-CV-0887 (RWR) (dkt. no. 7); Gul v.
Bush, No. 05-CV-0888 (CKK) (dkt. no. 3); Basardh v. Bush, No. 05-CV-0889 (ESH) (dkt. no.
4); Shaaban v. Bush, No. 05-CV-0892 (CKK) (dkt. no. 3); Tohirjanovich v. Bush, No. 05-CV-
0994 (JDB) (dkt. no. 4); Al-Khalaqi v. Bush, No. 05-CV-0999 (RBW) (dkt. no. 3); Kahn v.
Bush, No. 05-CV-1001 (ESH) (dkt. no. 3); Mangut v. Bush, No. 05-CV-1008 (JDB) (dkt. no. 2);
Salaam v. Bush, No. 05-CV-1013 (JDB) (dkt. no. 2).

[6]  The Court has the authority to stay proceedings in habeas cases, even prior to the filing
of a response.  Pursuant to the Rules Governing Section 2254 Cases in the United States District
Courts (the "2254 Rules"), which are applicable to petitions for writ of habeas corpus other than
those arising under 28 U.S.C. § 2254, such as the petitions in these cases, see 2254 Rule 1(b), a
court may extend the deadline for responses to habeas petitions beyond the time limits set forth
in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas
petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243.  Rule 4 provides that
"the judge must order the respondent to file an answer, motion, or other response within a fixed

The petition in this case raises legal issues that were squarely addressed by the opinions in In re Guantanamo Detainee Cases, Khalid, Boumediene, and Hamdan and that are raised in the appeals, including: (1) whether the petitioners have stated valid claims under the Fifth Amendment to the United States Constitution and, if so, whether the procedures implemented by respondents to determine the status of petitioners violate their Fifth Amendment rights; (2) whether the petitioners have stated valid claims under the Third Geneva Convention; and (3) whether the petitioners have stated valid claims based on various other legal theories, including other Constitutional provisions, other international treaties, Military regulations, the Administrative Procedure Act, the Alien Tort Statute, and customary international law. It makes no sense for proceedings related to the merits of this case, such as the submission of a factual return in response to an order to show cause regarding the issuance of a writ of habeas corpus, to go forward when decisions from the D.C. Circuit on the related Guantanamo detainee appeals,

---

time, or to take other action the judge may order. . . ." See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses. Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (denying § 2241 petitioner's motion for correction of court scheduling order because "in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail"). Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens involved in filing responses to habeas petitions when implementing case management schedules. See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases). See also Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); id. at 256 (noting propriety of stay in cases "of extraordinary public moment").

which are proceeding in an expedited fashion, will determine the legal analyses applicable to this case and, indeed, whether and how this case should proceed.

Also, as Judge Green recognized, further proceedings consistent with her January 31, 2005 rulings, including, in the view of petitioners in those cases, extensive discovery and factual development, promise to impose "significant burdens" that may be avoided, depending on the outcome of the appeals.  See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 482.  And as Judge Kessler concluded, "the law in this Circuit is [currently] unsettled," given the contrary decisions of Judges Green and Leon.  Al Marri, No. 04-CV-2035 (GK) (dkt. no. 26).  Requiring this case to proceed before resolution of the appeals "would involve an unnecessary expenditure of judicial resources."  Id.  Indeed, any proceedings that are permitted to go forward very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in the Guantanamo detainee cases.

For these reasons, this case should be stayed pending guidance from the D.C. Circuit, through the various appeals, regarding the issues in this case, including whether and how to proceed.[7]

---

[7]  The Court presumably would retain discretion to modify a stay of proceedings in any particular case should circumstances arise truly warranting a lifting of the stay.  See, e.g., Abdullah v. Bush, No. 05-CV-23 (RWR), Order (Mar. 16, 2005) (dkt. no. 16) ("The proceedings in this case are stayed pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia, in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances . . . .").

## II.    Respondents Should Not Be Required to Submit a Factual Return During the Pendency of the Stay.

Although respondents do not object to entry of the protective order and related, supplementary orders previously entered in other Guantanamo detainee cases to enable counsel to meet and correspond with petitioner in a privileged manner at Guantanamo Bay on appropriate matters related to this case, it makes no sense for the government to process and submit a factual return[8] with respect to this petitioner when the D.C. Circuit will be considering the proper scope of these habeas proceedings, including whether the claims can be dismissed without reference to specific factual returns for petitioners. See Khalid, 355 F. Supp. 2d 311 (dismissing petitioners' claims in their entirety). Even if counsel had access to a factual return, they would not be able to share classified information in the return with petitioner. See Unopposed Motion for Entry of Protective Order, Ex. 1, ¶ 30. Thus, there is no reason why counsel need access to a factual return at this time.[9]

Moreover, the submission of factual returns which, in any event, may ultimately be unnecessary, burdens the government's resources and risks the inadvertent disclosure of classified information. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that

---

[8] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention. The factual return is separate from briefing on legal issues in the cases. Factual returns include both classified and unclassified material.

[9] In this vein, four Judges of this Court have declined to require factual returns during the pendency of the stay. See, e.g., El-Mashad, No. 05-CV-0270 (JR) (dkt. no. 29); Al-Wazan v. Bush, No. 05-CV-0329 (PLF) (dkt. no. 15); Sliti v. Bush, No. 05-CV-0429 (RJL) (dkt. no. 5); Imran v. Bush, No. 05-CV-0764 (CKK) (dkt. no. 6).

information disclosed to counsel in the returns is in accordance with all applicable statutes,

regulations and Executive Orders.  Respondents must then prepare both public and classified

versions of the factual returns for submission to the Court and counsel.  Each return can range

from dozens to hundreds of pages, depending upon the circumstances.  Thus, respondents face an

immense logistical burden to process and file the returns, especially on the short, simultaneous

schedules being requested by petitioners in the various cases.  Further, submission of these

returns vastly expands access to classified information contained in the returns, thereby

increasing the risks of inadvertent or other disclosure or compromise of the information.  These

burdens and risks, however, could be rendered completely unnecessary, depending on the

outcome of the appeals.  Cf. Order Denying Motion for Reconsideration of Order Granting Stay

Pending Appeal in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 482 (staying cases so as to

avoid expenditure of "substantial resources" and imposition of "significant burdens" that might

not be necessary depending on outcome of appeal).

Although certain Judges of this Court have ordered respondents to submit factual returns

to petitions in cases that are otherwise stayed, respondents oppose the submission of a factual

return in this case for the reasons stated herein.  If the submission of a factual return were to go

forward, however, it could only be done pursuant to a coordinated and reasonable schedule,

taking account of the fact that petitioners in all the recently filed cases are seeking factual returns

and recognizing the logistical burdens posed by an undertaking to produce returns in the cases.

Given these circumstances, a schedule for the rolling production of a factual return in this case

(and potentially other cases) over the next 10 to 12 weeks would be appropriate.  In a number of

other recent cases, the government has been given between 90 and 120 days to file factual

returns, and respondents request that the Court impose a similar schedule, if the Court decides to require a factual return.  See e.g., Ameziane, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule); Al-Anazi, No. 05-CV-0345 (JDB) (dkt. no. 21) (imposing 120-day schedule); Qayed, No. 05-CV-0454 (RMU) (dkt. no. 5) (imposing 90-day schedule); Battayav, No. 05-CV-0714 (RBW) (dkt. no. 12) (imposing 120-day schedule).

## CONCLUSION

For these reasons, the Court should stay further proceedings in this case, except as noted above, pending resolution of the appeals of Judge Leon's decision in Khalid and Boumediene and Judge Green's January 31, 2005 decision in In re Guantanamo Detainee Cases.  Petitioners' motion for the immediate issuance of a writ of habeas corpus or order to show cause under 28 U.S.C. § 2243 should be denied.

Dated:  July 11, 2005                              Respectfully submitted,

                                                   PETER D. KEISLER
                                                   Assistant Attorney General

                                                   KENNETH L. WAINSTEIN
                                                   United States Attorney

                                                   DAVID B. SALMONS
                                                   Assistant to the Solicitor General

                                                   DOUGLAS N. LETTER
                                                   Terrorism Litigation Counsel

                                                     /s/ Preeya M. Noronha
                                                   JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                   VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                   TERRY M. HENRY
                                                   JAMES J. SCHWARTZ
                                                   PREEYA M. NORONHA
                                                   ROBERT J. KATERBERG
                                                   NICHOLAS J. PATTERSON

- 13 -

ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents