IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALI SHAH MOUSOVI, *et al.*, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, ) <br> President of the United States, ) <br> *et al.,* ) <br> ) <br> Respondents. ) | Civil Action No. 05-CV-1124 (RMC) |

**RESPONDENTS' OBJECTION TO PETITIONERS' RELATED CASE DESIGNATION**

Respondents hereby object to the Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court (the "Notice") filed by petitioners simultaneously with their petition in the above-captioned case.

Petitioner's Notice is potentially misleading in that it singles out one Guantanamo Bay detainee habeas case, Zaeef v. Bush, No. 05-CV-0660 (RMC), on the face of the Notice form as if it were the primary or lead case of all the Guantanamo Bay detainee habeas cases. In fact, there are over 110 Guantanamo habeas cases pending in this Court. While the limited amount of space on the form doubtless makes it impossible to list all the cases there, no principled reason exists for elevating Zaeef to the most prominent position in this manner. The Zaeef case was not the first filed or the most recently filed case. More importantly, that case is not any more "related" to this case than are the others.[1] Nevertheless, presumably because Zaeef was listed on

---

[1] That both this case and Zaeef involve Afghani petitioners is no basis for designating the cases as "related." Indeed, the petitions in the cases suggest that the pre-detention circumstances of petitioners in this case and the Zaeef petitioner are dissimilar.

the face of the form, the docket entry (no. 2) for the Notice entered by the Clerk paraphrases its substance as "Case related to Case No. 05-660." and the related-case field on the ECF database shows Zaeef as the only case to which this case is related; without regard to all the other related cases.[2]

Respondents object to any implication that the instant case is somehow more related to Zaeef than to the other pending Guantanamo Bay detainee cases. Respondents believe the Guantanamo Bay cases should continue to proceed in a coordinated fashion, at least pending resolution of pending appeals related to the January 31, 2005 opinion of Judge Green in eleven of the cases, see In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), and the January 19, 2005 opinion of Judge Leon in the Khalid and Boumediene cases, see Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005). However, such coordination should be effected by deliberate action of the Court and not through arbitrary or incomplete application of the Court's process with respect to identification of related cases. Cf. L. Cv. R. 40.5(c) (in the event of an improvident assignment by the Clerk's Office due to an errant related case designation, the new case may be transferred to the Calendar Committee for a determination whether it should be reassigned at random). In any event, a number of other recently filed Guantanamo habeas cases in which misleading or incomplete Notices were filed appear to have been sua sponte reassigned to other Judges. See, e.g., Al Joudi v. Bush, No. 05-CV-301 (originally assigned to Judge Robertson based on petitioners' notice of related case, reassigned to Judge Kessler); M.C. v.

---

[2] To the extent that it would ever be appropriate to treat one particular case among multiple equally related cases as preeminent, Local Civil Rule 40.5 suggests that the "oldest related case" – not another case selected by counsel – should be the one to receive that distinction. See L. Cv. R. 40.5(c)(1) ("the Clerk shall assign the new case to the judge to whom the oldest related case is assigned").

<u>Bush</u>, No. 05-CV-430 (originally assigned to Judge Collyer based on petitioners' notice of related case, reassigned to Judge Huvelle).

| | |
|---|---|
| Dated: July 11, 2005 | Respectfully submitted, |

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DAVID B. SALMONS
Assistant to the Solicitor General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

    */s/* Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
EDWARD H. WHITE
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Rm. 7144
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

Attorneys for Respondents