IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALI SHAH MOUSOVI, *et al.*,<br><br>       Petitioners,<br><br>  v.<br><br>GEORGE W. BUSH,<br>     President of the United States,<br>  *et al.*,<br><br>       Respondents. | Civil Action No. 05-CV-1124 (RMC) |

**RESPONDENTS' MOTION TO STRIKE PETITIONERS
CHAMAN GUL KHIALIGOL AND HONORGOL KHIALIGOL
FROM AMENDED PETITION FOR WRITS OF HABEAS CORPUS**

Respondents hereby move to strike petitioner Chaman Gul Khialigol and next friend petitioner Honorgol Khialigol from the amended petition for writs of habeas corpus filed by counsel for petitioners in this action (dkt. no. 22).[1]

By filing an amended petition which includes a petition for writ of habeas corpus on behalf of an additional Guantanamo detainee, petitioners' counsel are attempting to circumvent the procedure already in place for the orderly assignment of cases. See LCvR 40.3(a) ("Except as otherwise provided by these Rules, civil, criminal and miscellaneous cases shall be assigned to judges of this court selected at random."); cf. LCvR 40.3(d) (petitions "for a *writ of habeas*

---

[1] Although counsel for petitioners did not confer with counsel for respondents prior to filing the amended petition for writs of habeas corpus in this case, respondents do not oppose the filing of this amended petition to the extent that it reflects the dismissal of petitioners Abd-Al-Rahman and Abdul Rahman Aziz Khan from this action. See Stipulation and Order of Partial Dismissal Without Prejudice of Petitions of Petitioners/Plaintiffs, Abd-Al-Rahman and Abdul Rahman Aziz Khan (dkt. no. 21). Respondents oppose the filing of additional petitions for writ of habeas corpus on behalf of other detainees by adding parties to a previously-filed petition, as counsel for petitioners are attempting to do here.

*corpus* and complaints filed pursuant to 42 U.S.C. § 1983 filed by a petitioner incarcerated in the District of Columbia shall be randomly assigned" to judges).  In other instances when counsel who already have clients in the Guantanamo Bay detainee cases have taken on new clients, they have filed separate habeas petitions for their new clients, even when the new clients share the same nationality as prior petitioners.  The Court has then assigned a new judge to the new case.[2]  In fact, petitioners' counsel have previously followed this procedure: they filed a petition for writ of habeas corpus in Zaeef v. Bush, No. 05-CV-0660 (RMC) on April 1, 2005, and then filed another petition for writs of habeas corpus for petitioners in the instant case on June 7, 2005.

The impropriety of adding petitioners to a pending petition for writ of habeas corpus has already been recognized by Judge Urbina in Al-Oshan v. Bush, No. 05-CV-0520 (RMU).  In that case, the Court denied petitioners' motion to add Guantanamo detainee Nasser Mazyad Abdullah Al-Subaiy as a petitioner because counsel failed to demonstrate a "legitimate justification" for bypassing the Court's routine case assignment procedures:

> Although Al Suba'iy is seeking the same relief sought by the petitioners in this case and although the claims arise out of the same or similar events, so too are his claims and prayer for relief similar, if not identical, to that of every habeas detainee in GTMO. The GTMO detainee cases, however, have routinely been filed as separate cases and randomly assigned by the clerk of this court. . . . The petitioners have neither demonstrated that Al Suba'iy's

---

[2] For example, the counsel who filed Abdah v. Bush, No. 04-CV-1254 (HHK), subsequently filed habeas petitions in Al-Hela v. Bush, No. 05-CV-1048 (RMU), Hatim v. Bush, No. 05-CV-1429 (RMU), and Attash v. Bush, No. 05-CV-1592 (RCL), all cases involving Yemeni detainees.  See also Alladeen v. Bush, No. 05-CV-0833 (JR) (filed by counsel who also filed El-Mashad v. Bush, No. 05-CV-0270 (JR), both cases involving Egyptian detainees); Magram v. Bush, No. 05-CV-0584 (CKK) (filed by counsel who also filed Qayed v. Bush, No. 05-CV-0454 (RMU), both cases involving Saudi detainees); Mamet v. Bush, No. 05-CV-1602 (ESH) (filed by counsel who also filed Qassim v. Bush, No. 05-CV-0497 (JR) and Kiyemba v. Bush, No. 05-CV-1509 (RMU), all cases involving ethnic Uighur detainees).

> circumstances differ from any of these cases, nor shown why his claims are appropriately joined with these particular petitioners, and in this particular case. Absent a legitimate justification, rather than the mere strategic preference of counsel for one court over another, Al Suba'iy's claims should be brought in accordance with the ordinary case assignment procedures of the district court.

Order Denying Petitioners' Motion to Add a Party in Al-Oshan v. Bush, No. 05-CV-0520 (RMU) (July 21, 2005) (dkt. no. 51) (footnote omitted). Counsel in Al-Oshan v. Bush subsequently filed a separate petition on behalf of Mr. Al-Suba'iy, which was processed through the Court's case assignment system. See Al-Subaiy v. Bush, No. 05-CV-1453 (RMU).

Similarly, petitioners' counsel in this case cannot provide appropriate justification for why Chaman Gul Khialigol should be made a petitioner in the above-captioned case, when there have been approximately 175 separate cases filed in this Court on behalf of similarly-situated detainees at Guantanamo Bay. Counsel should be required to file a separate petition for writ of habeas corpus on behalf of petitioner Chaman Gul Khialigol, which will be processed through the Court's case assignment system. In no event should counsel be permitted to circumvent this established and routine procedure in a fashion that would create a precedent for how future Guantanamo Bay detainee habeas petitions are filed.

## CONCLUSION

For these reasons, the Court should strike petitioners Chaman Gul Khialigol and Honorgol Khialigol from the amended petition for writs of habeas corpus filed in this action.

Dated: November 14, 2005              Respectfully submitted,

                                      PETER D. KEISLER
                                      Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents