IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI SHAH MOUSOVI, *et al.*, : <br> : <br> *Petitioners/Plaintiffs*, : <br> : <br> v. : <br> : <br> GEORGE W. BUSH, *et al.*, : <br> : <br> *Respondents/Defendants.* : | Case No. 1:05-CV-1124 (RMC) |

**DECLARATION OF REBECCA P. DICK
IN SUPPORT OF PETITIONERS' REPLY BRIEF
IN SUPPORT OF THEIR MOTION TO STAY AND ABEY,
OR IN THE ALTERNATIVE, TRANSFER THIS ACTION
TO THE COURT OF APPEALS**

I, Rebecca P. Dick, make the following statements to the best of my personal knowledge and belief:

1. I am an attorney at the law firm of Dechert LLP, 1775 Eye St., N.W., Washington, D.C. 20006. I am licensed to practice law in the District of Columbia and the State of New York. I make this declaration in support of the Petitioners' Reply Brief in Support of Petitioners' Motion to Stay and Abey this Action or, in the Alternative, Transfer it to the Court of Appeals.

2. Attached hereto as Exhibit C is a true and correct copy of the cover page and page 45 of the Transcript of Oral Argument, *Bismullah v. Gates,* No. 06-1197; *Parhat v. Gates*, No. 06-1397 (May 15, 2007).

3. Attached hereto as Exhibit D is a true and correct copy of Respondents' Motion for Leave to Submit Revision to Government's Proposed Protective Order, *Parhat v. Gates*, No. 06-1397; *Bismullah v. Gates*, No. 06-1197 (May 11, 2007).

4. Attached hereto as Exhibit E is a true and correct copy of Respondents' Letter to Mark Langer from Douglas Letter (May 17, 2007).

I declare under penalty of perjury that the foregoing is true to the best of my knowledge and belief. Executed on May 24, 2007.

_____
Rebecca P. Dick

# Exhibit C

```
                    UNITED STATES COURT OF APPEALS
                   FOR THE DISTRICT OF COLUMBIA CIRCUIT
-------------------------------

HAJI BISMULLAH, a/k/a HAJI
BISMILLAH and a/k/a HAJI
BESMELLA, HAJI MOHAMMAD WALI,
Next Friend of HAJI BISMULLAH,
                                           No. 06-1197
     Petitioners,

     v.

ROBERT M. GATES, SECRETARY OF
DEFENSE,

     Respondent.
===============================

HUZAIFA PARHAT, et al,

     Petitioners,

     v.                                    No. 06-1397

ROBERT M. GATES, SECRETARY OF
DEFENSE, et al,

     Respondents.
-------------------------------
                                    Tuesday, May 15, 2007

                                    Washington, D.C.

     The above-entitled matter came on for oral
argument pursuant to notice.

     BEFORE:

          CIRCUIT JUDGES HENDERSON AND ROGERS
          AND CHIEF JUDGE GINSBURG
```

*Deposition Services, Inc.*
6245 Executive Boulevard
Rockville, MD 20852
Tel: (301) 881-3344 Fax: (301) 881-3338
info@DepositionServices.com   www.DepositionServices.com

1   order.

2         MR. LETTER: I'm sorry?

3         JUDGE GINSBURG: You've honored it under the
4   existing protective order.

5         MR. LETTER: But as I say, the new protective order,
6   it says, such as, so -

7         JUDGE GINSBURG: Well frankly, I don't see that he
8   preserved that argument, and maybe he can show me where he did
9   on rebuttal. But there's a sentence in the brief about the
10  form, and it doesn't take quite the shape that the argument
11  here does.

12        MR. LETTER: Your Honor, I had the same thought.
13  The protective order, Your Honor, the prior protective order
14  has, had major problems, but one of the most serious and
15  obvious problems is that it is not clearly out of date,
16  because it was developed in District Court for a completely
17  different system of litigation.

18        JUDGE ROGERS: But see, just the Chief Judge's
19  comment makes me think. When you're dealing with a protective
20  order in the District Court, there's a lot of back and forth
21  in chambers, in the courtroom. Now we're in a very formal
22  posture in the Court of Appeals, and the type of flexibility
23  that exist in the District Court doesn't exist. Now the
24  Government is saying this Court should enter a protective
25  order subject to all of these formalities of appellate review.

# Exhibit D

**[ARGUMENTS SCHEDULED FOR MAY 15, 2007]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| HAJI BISMULLAH, et al., <br>     Petitioners, <br> v. <br><br> ROBERT M. GATES, <br>   Secretary of Defense, <br>     Respondent. | No. 06-1197 |
| HUZAIFA PARHAT, et al. <br>     Petitioners, <br> v. <br><br> ROBERT M. GATES, <br>   Secretary of Defense, <br>     Respondent. | No. 06-1397 |

**MOTION FOR LEAVE TO SUBMIT REVISION TO GOVERNMENT'S PROPOSED PROTECTIVE ORDER**

The respondent hereby seeks leave to file the amendments described below to the Government's proposed protective order.

Nearly nine months ago, the respondent proposed a protective order to govern actions filed in this Court under the Detainee Treatment Act. A protective order is necessary to address the national security concerns that necessarily arise in litigation addressing the detention of enemy combatants and the use of classified information in connection with enemy combatant determinations. In that proposal, the respondent

sought changes from the district court habeas protective order to address concerns relating to the secure, safe, and efficient operation of the military facility at Guantanamo Bay as well as other national security concerns.

At the same time, the respondent has been willing to reevaluate the military's needs to ensure that the proposed procedures for this litigation are not more stringent than necessary. Harris Decl., ¶ 2 (attached as Exhibit A). Recently, the respondent has determined that one of the proposed procedures is no longer necessary – specifically, the procedure setting a threshold limit on the number of counsel visits to a represented detainee at Guantanamo Bay. *Ibid.* Accordingly, the respondent now proposes revised language to implement that change by removing the visit threshold. The Department of Defense has also reviewed the other provisions of the Government's proposed protective order and has concluded that such other provisions "remain warranted and appropriate in light of the operations" of the Department of Defense at Guantanamo. *Id.*, ¶ 3.

**1.** The respondent seeks to amend paragraphs 9.C. and 10.C of the proposed protective order by deleting the limit of three in-person visits to Guantanamo for counsel.

The habeas district court protective order did not specifically address the number of visits counsel could make to a represented detainee, but instead provided that "[c]ounsel for the detainees and counsel for the respondents shall cooperate to

the fullest extent possible to reach a reasonable agreement on the number of counsel visits allowed," and that, if detainee counsel "believe that the government is unreasonably limiting the number of visits with a detainee, counsel may petition the Court at the appropriate time for relief." App. 53. The Government's proposed protective order for DTA suits, in contrast, would have provided attorneys three visits without making any showing of need to this Court or the Government. *See* App. 100, 102.

After further consideration of this issue by the Department of Defense, the respondent is no longer seeking to incorporate a three-visit threshold for the number of counsel visits. Based on a current evaluation of resources and needs at Guantanamo, the respondent has determined that this provision is no longer warranted.

As before, counsel visits to Guantanamo could still be subject to delay or cancellation based upon the security and military resource needs at the base, as explained in paragraph 12 of the proposed order (and as was also true under the district court habeas regime supported by petitioners). We note, however, that in the district court the Government and detainee counsel were generally able to resolve concerns regarding delay and resource limitations with respect to in-person visits without necessitating court involvement; we fully expect that situation to continue under a new order.

2. The revised language of Sections 9.C and 10.C being proposed by the Government is as follows. (A redline version showing how this revised language is different from the Government's original proposal is attached as Exhibit B. A copy of the proposed protective order, as revised, is attached as Exhibit C.)

Revised Section 9.C:

> Once counsel has established an attorney-client relationship with detainee, and provided sufficient evidence thereof, under the terms set forth above, counsel will be allowed both access to the legal mail system described herein and to visit the detainee at Guantanamo Bay, Cuba to assist in the preparation of this action under the Detainee Treatment Act.

Revised Section 10.C:

> If the detainee signs Exhibit D, counsel will be allowed access both to the legal mail system described herein and to visit the detainee at Guantanamo Bay, Cuba, to assist in the preparation of this action under the Detainee Treatment Act. If the detainee does not sign Exhibit D, then no further visits will be afforded, counsel will not be afforded access to the legal mail system, and counsel's access to the CSRT record will be limited to the unclassified material.

3. The Defense Department confirms that the remaining provisions of the proposed protective order continue to be "warranted and appropriate in light of the operations" of the Department of Defense at Guantanamo. Harris Decl. ¶ 3.

## CONCLUSION

For the foregoing reasons, the Government seeks leave to submit a revision to the Government's proposed protective order.

        Respectfully submitted,

        PETER D. KEISLER
        *Assistant Attorney General*

        JONATHAN F. COHN
        *Deputy Assistant Attorney General*

        DOUGLAS N. LETTER
        *Terrorism Litigation Counsel*

        ROBERT M. LOEB
        (202) 514-4332

        AUGUST E. FLENTJE
        (202) 514-1278
        <u>Attorneys, Appellate Staff</u>
        <u>Civil Division, Room 7268</u>
        <u>U.S. Department of Justice</u>
        <u>950 Pennsylvania Avenue, N.W.</u>
        <u>Washington, D.C. 20530</u>

MAY 2007

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2007, I caused copies of the foregoing "MOTION FOR LEAVE TO SUBMIT REVISION TO GOVERNMENT'S PROPOSED PROTECTIVE ORDER" to be served upon counsel of record by causing copies to be sent by Fed Ex overnight delivery and by e-mail transmission to:

Jeffery I. Lang
Jennifer R. Cowan
Debevoise & Plimpton
919 Third Avenue
New York, New York 10022

Sabin Willett
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Susan Baker Manning
2020 K Street, N.W.
Washington DC 20006-1806

_____
August E. Flentje

# Exhibit E



DNLetter

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm: 7513
Washington, D.C. 20530-0001

Tel: (202) 514-3602
Fax: (202) 514-8151

May 17, 2007

Mr. Mark J. Langer
Clerk, United States Court of Appeals
 for the District of Columbia Circuit
United States Courthouse
333 Constitution Avenue, N.W., Room 5423
Washington, D.C. 20001

    Re:    Parhat v. Gates, No. 06-1397
             Bismullah v. Gates, No. 06-1197

### [ORAL ARGUMENT HELD ON MAY 15, 2007]

Dear Mr. Langer:

    Oral argument was held in the above-referenced cases on May 15, 2007. During that argument, the judges on the panel asked various questions concerning how the records of the Combatant Status Review Tribunals were developed, and what is the appropriate content of those records. Although counsel for the Government responded to the judges' questions, since the argument we have been consulting extensively with the Department of Defense to determine if there is additional information that would likely be of value to the Court. We believe that there is indeed such information, which the Court will find useful. Accordingly, we are preparing as quickly as possible a declaration to describe how the records were compiled and their contents. We ask that you please alert the panel to this fact.

                            Sincerely,

                            Douglas Letter
                            Terrorism Litigation Counsel
                            Civil Division

cc:   Sabin Willett  
       Bingham McCutchen LLP  
       150 Federal Street  
       Boston, MA 02110-1726

Susan Baker Manning  
2020 K Street, N.W.  
Washington DC 20006-1806

Jennifer Cowan  
Debevoise & Plimpton  
919 Third Avenue  
New York, NY 10022