*PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI SHAH MOUSOVI, *et al.*, | : |
| *Petitioners/Plaintiffs*, | : |
| v. | : Case No. 1:05-CV-1124 (RMC) |
| GEORGE W. BUSH, *et al.*, | : ORAL ARGUMENT REQUESTED |
| *Respondents/Defendants*. | : |

**PETITIONERS' MOTION UNDER RULE 60(b)(6) OF THE FEDERAL RULES
OF CIVIL PROCEDURE TO REINSTATE AND STAY THIS PETITION
UNTIL THE SUPREME COURT'S DECISION IN *BOUMEDIENE v.
BUSH*, NO. 06-1195, & *AL ODAH v. U.S.*, NO. 06-1196**

Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, petitioners Izaatullah Nusrat, Haji Rohullah Wakil, Sabar Lal and Wali Mohammed respectfully move for an Order (1) vacating this Court's May 30, 2007 Memorandum Opinion & Order dismissing this case for lack of subject matter jurisdiction; (2) denying without prejudice respondents' April 19, 2007 motion to dismiss; and (3) staying this petition until the United States Supreme Court's decision in *Boumediene v. Bush*, No. 06-1195, and *Al Odah v. United States*, No. 06-1196.

The grounds in support of this motion are contained in the accompanying Memorandum of Points and Authorities.

Pursuant to LCvR 7(m), counsel for petitioners conferred by telephone with counsel for respondents regarding the relief requested in this motion and was informed that respondents would not agree to the requested relief.

WHEREFORE, petitioners respectfully request that the Court enter an Order (1) vacating this Court's May 30, 2007 Memorandum Opinion & Order dismissing this case for lack of subject matter jurisdiction; (2) denying without prejudice respondents' April 19, 2007

motion to dismiss; and (3) staying this petition until the Supreme Court's decision in *Boumediene v. Bush*, No. 06-1195, and *Al Odah v. United States*, No. 06-1196.

Respectfully submitted,

DECHERT LLP
*Counsel for Petitioners*

Dated: August 17, 2007

 /s/Peter M. Ryan
Rebecca P. Dick
D.C. Bar No. 463197
Carolyn M. Welshhans
D.C. Bar No. 489120
1775 I Street, N.W.
Washington, D.C. 20006
(202) 261-3300 (Tel.)
(202) 261-3333 (Fax)

George G. Gordon
Peter M. Ryan
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (Tel.)

Daniel C. Malone
30 Rockefeller Plaza
New York, NY 10112
(212) 698-3500 (Tel.)

*PREVIOUSLY FILED WITH CSO AND*
*CLEARED FOR PUBLIC FILING*

## CERTIFICATE OF SERVICE

I, Peter M. Ryan, hereby certify that on August 17, 2007, I submitted via Fedex overnight delivery an original and two true and correct copies of (1) the foregoing Petitioners' Motion Under Rule 60(b)(6) of the Federal Rules of Civil Procedure to Reinstate and Stay this Petition Until the Supreme Court's Decision in *Boumediene v. Bush*, No. 06-1195, & *Al Odah v. United States*, No. 06-1196; (2) the Memorandum of Points and Authorities in support thereof; and (3) the Declaration of Peter. M. Ryan in support thereof, to the Court Security Officer for review and filing under seal. The Court Security Officer served copies of these documents on the following counsel of record for Respondents:

Judry Laeb Subar
Judry.Subar@usdoj.gov
United States Department of Justice
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7342
Washington, D.C. 20530
(202) 514-3969

Terry M. Henry
Terry.Henry@usdoj.gov
Senior Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7144
Washington, D.C. 20530

/s/Peter M. Ryan
Peter M. Ryan

*PREVIOUSLY FILED WITH CSO AND*
*CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI SHAH MOUSOVI, *et al.*, | :<br>: |
| *Petitioners/Plaintiffs*, | :<br>: |
| v. | : Case No. 1:05-CV-1124 (RMC) |
| GEORGE W. BUSH, *et al.*, | :<br>: ORAL ARGUMENT REQUESTED |
| *Respondents/Defendants*. | :<br>: |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' MOTION UNDER RULE 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE TO REINSTATE AND STAY THIS PETITION UNTIL THE SUPREME COURT'S DECISION IN *BOUMEDIENE v. BUSH*, NO. 06-1195, & *AL ODAH v. U.S.*, NO. 06-1196

On May 30, 2007, the Court dismissed this petition for lack of subject matter jurisdiction, based on the Court of Appeals' decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), and the Supreme Court's denial of certiorari, 127 S. Ct. 1478 (2007). Less than a month later, on June 29, 2007, the Supreme Court unrang the bell, granting the petitions for certiorari in *Boumediene v. Bush* and *Al Odah v. United States*, Nos. 06-1195 & 06-1196, that it had denied on April 2, 2007. Shortly thereafter, the Court of Appeals recalled its mandates in *Boumediene* and *Al Odah*. The jurisdictional issue that appeared closed in May is now very much open.

As a result of these extraordinary developments, petitioners request relief from the May 30 dismissal order under Rule 60(b)(6) of the Federal Rules of Civil Procedure. The Court of Appeals considered the Supreme Court's belated change of course sufficiently extraordinary to warrant recall of the *Boumediene* and *Al Odah* mandates. These remarkable events also justify relief under Rule 60(b)(6) in this case.

Appellate courts recall mandates, and district courts grant Rule 60(b)(6) relief, to prevent injustice. The Court of Appeals recalled its mandate in *Boumediene* and *Al Odah* to prevent the injustice – and irony – of a potentially invalid jurisdictional dismissal during the pendency of Supreme Court jurisdictional review. Granting relief here under Rule 60(b)(6) will likewise avoid injustice. Petitioners have been imprisoned for years without a shred of fair and neutral process to determine the propriety of their initial arrest and indefinite detention. Respondents, moreover, have used the dismissal to immediately cut off petitioners' access to counsel. Given the Supreme Court's grant of certiorari and the Court of Appeals' recall of its mandate, the interests of justice here easily outweigh any illusory interest respondents may have in the finality of the May 30 dismissal order.

In January 2006, the Court stayed this matter to await the resolution of "the question of this Court's jurisdiction to adjudicate these cases." The Supreme Court will definitively answer that question in the coming Term. In the interim, petitioners should remain before this Court and should continue to have access to counsel. Petitioners, therefore, respectfully move for an Order (1) vacating this Court's May 30, 2007 Memorandum Opinion & Order dismissing this case for lack of subject matter jurisdiction; (2) denying without prejudice respondents' April 19, 2007 motion to dismiss; and (3) staying this petition until the Supreme Court's decision in *Boumediene v. Bush* and *Al Odah v. United States*, Nos. 06-1195 & 06-1196.

I.   **PROCEDURAL HISTORY & FACTUAL BACKGROUND**

Petitioners are Afghan nationals detained for years at the United States Naval Base at Guantanamo Bay, Cuba. They filed this *habeas corpus* petition on June 7, 2005. On July 22, 2005, by minute order, the Court directed entry of the November 8, 2004 Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval

Base in Guantanamo Bay, Cuba ("Amended Protective Order"). On January 27, 2006, the Court denied without prejudice all pending motions and stayed this case "until such time as the District of Columbia Circuit resolves the question of this Court's jurisdiction to adjudicate these cases."[1]

On February 20, 2007, in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), the Court of Appeals held (1) that the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), stripped federal courts of subject matter jurisdiction to hear *habeas corpus* petitions brought by Guantanamo detainees; (2) that the removal of jurisdiction applied to pending petitions; (3) that the deprivation of jurisdiction did not violate the Suspension Clause of the Constitution; and (4) that, in any event, aliens detained at Guantanamo had no constitutional rights.

On April 2, 2007, the Supreme Court denied petitions for writs of certiorari filed by the detainees in *Boumediene v. Bush* and *Al Odah v. United States*. *See* 127 S. Ct. 1478 (2007). In a statement respecting the denial of certiorari, Justices Stevens and Kennedy acknowledged "the obvious importance of the issues raised in these cases," but believed Guantanamo detainees should exhaust available remedies under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, Tit. X, 119 Stat. 2680, prior to any decision on the constitutionality of the MCA. Justices Stevens and Kennedy noted, however, that "the policy underlying the exhaustion-of-remedies doctrine does not require the exhaustion of inadequate remedies." 127 S. Ct. 1478. Justices Breyer, Souter and Ginsburg dissented from the denial of certiorari, asserting that the question whether the MCA violates the Suspension Clause "deserve[s] this Court's immediate attention." *Id.* at 1479.

---

[1] *See* Declaration of Peter M. Ryan in Support of Petitioners' Motion Under Rule 60(b)(6) of the Federal Rules of Civil Procedure to Reinstate and Stay this Petition Until the Supreme Court's Decision in *Boumediene v. Bush*, No. 06-1195, & *Al Odah v. Bush*, No. 06-1196 ("Ryan Decl."), Exh. A, at 7.

Respondents awaited the Supreme Court's certiorari decisions in *Boumediene* and *Al Odah* before moving to dismiss this petition on April 19, 2007. On May 30, 2007, this Court dismissed the petition for lack of subject matter jurisdiction.

On June 1, 2007, the Department of Justice notified counsel for petitioners that:

> Judge Collyer's May 30, 2007 Order dismissed *Mousovi v. Bush* (05-CV-1124) for lack of jurisdiction. In light of this development, counsel access (both legal mail and in-person visits) is no longer permitted under the terms of the now-dismissed district court counsel access regime.

Ryan Decl., Exh. B. On June 7, 2007, the Department of Justice's Privilege Team notified counsel for petitioners that petitioner Wali Mohammed (ISN 560) had sent counsel an attorney-client privileged letter, but that "in accordance with current guidance from DOJ, ISN 560 is no longer authorized to use the legal mail system. His Habeas case has been dismissed." Ryan Decl., Exh. C.

On June 27, 2007, the Court of Appeals issued the mandates in *Boumediene* and *Al Odah*. Two days later, on June 29, 2007, the Supreme Court changed its mind. The Court (1) granted the *Boumediene* and *Al Odah* detainees' petitions for rehearing; (2) vacated the April 2, 2007 orders denying the detainees' petitions for writs of certiorari; and (3) granted the petitions for writs of certiorari. *See* 127 S. Ct. 3067 (2007); 127 S. Ct. 3078 (2007). On July 26, 2007, the Court of Appeals recalled the mandates in *Boumediene* and *Al Odah*. Ryan Decl., Exh. D (Orders dated July 26, 2007, in Nos. 05-5062 & 05-5064).

On July 27, 2007, in *Bacha v. Bush*, No. 05CV2349 (RMC), this Court stated, in light of the Supreme Court's grant of certiorari in *Boumediene* and *Al Odah* and the Court of Appeals' recall of the *Boumediene* and *Al Odah* mandates, that "if the question now pending were whether the Court should dismiss Mr. Belbacha's habeas petition, it may well agree with him." Ryan Decl., Exh. E, at 2.

II.  **ARGUMENT**

In light of recent developments, the May 30 dismissal of this case for lack of subject matter jurisdiction was premature. The Court stayed this matter in January 2006 to await an answer to "the question of this Court's jurisdiction to adjudicate these cases." Ryan Decl., Exh. A, at 7. That question remains unanswered today, after a highly unusual sequence of events in the Supreme Court and the Court of Appeals. The Supreme Court's belated grant of rehearing and certiorari and the Court of Appeals' recall of its mandates in *Boumediene* and *Al Odah* warrant maintenance of the stay in this case – rather than dismissal – until the Supreme Court rules on the constitutionality of the MCA's elimination of *habeas corpus* jurisdiction. Respondents, moreover, have used the May 30 dismissal to cut off all attorney access and attorney-client communications. In the interest of justice, the Court should exercise its discretion under Rule 60(b)(6) to vacate its May 30 Order dismissing the petition, deny respondents' motion to dismiss without prejudice, and stay this case until the Supreme Court's decision in *Boumediene* and *Al Odah*.

> A.  **The Supreme Court's Extraordinary Grant of Rehearing and Certiorari in *Boumediene* and *Al Odah* and the Court of Appeals' Recall of Its Mandates Justify the Reinstatement And Stay of This Case Under Rule 60(b)(6)**

Rule 60(b)(6) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(6). The Court has broad discretion to grant or deny relief under Rule 60(b)(6). *See Computer Professionals for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996). Because such relief should be granted "only sparingly," *id.*, a Rule

60(b)(6) movant must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005).

The circumstances here are extraordinary. Petitioners have been imprisoned for upwards of five years without charge, trial, or any semblance of fair and neutral process to determine the propriety of their initial arrest and indefinite detention. The Court of Appeals recalled the *Boumediene* and *Al Odah* mandates in light of the Supreme Court's extremely rare grant of rehearing and certiorari on petitions it had denied only 88 days earlier.[2]

"In light of the profound interests in repose attaching to the mandate of a court of appeals, . . . the power [to recall a mandate] can be exercised only in extraordinary circumstances." *Calderon v. Thompson*, 523 U.S. 538, 550, 118 S. Ct. 1489, 1498 (1998) (internal quotation omitted). "The sparing use of the power [to recall a mandate] demonstrates

---

[2] The Supreme Court limits the permissible grounds for rehearing to "intervening circumstances of a substantial or controlling effect" or "other substantial grounds not previously presented." Sup. Ct. R. 44.2. The reply brief in support of the *Al Odah* petition for rehearing attached a June 15, 2007 declaration from Lieutenant Colonel Stephen Abraham, U.S. Army Reserve. *See* Ryan Decl, Exh. F. From September 11, 2004 to March 9, 2005, Lt. Col. Abraham was on active duty and assigned to the Office for the Administrative Review of the Detention of Enemy Combatants ("OARDEC"). *Id.*, Exh. F ¶ 3. While assigned to OARDEC, Abraham worked as a liaison to government intelligence agencies to gather detainee information for use in Combatant Status Review Tribunals ("CSRTs"). He also served as a member of a CSRT at Guantanamo. *Id.* Exh. F ¶ 4. Describing his agency liaison work, Abraham stated that intelligence agencies typically gave him only limited access to unverifiable information about detainees. His requests for written confirmation that the agencies lacked exculpatory evidence were summarily denied. *Id.* Exh. F ¶¶ 10-15. Abraham described the information presented to him as a CSRT panel member as follows: "What were purported to be specific statements of fact lacked even the most fundamental earmarks of objectively credible evidence." *Id.* Exh. F ¶ 22. After he and his fellow CSRT panel members determined, "[o]n the basis of the paucity and weakness of the information provided both during and after the CSRT hearing," that there was "no factual basis for concluding that the individual should be classified as an enemy combatant," his superiors ordered the CSRT hearing reopened. *Id.* Exh. F ¶ 23. Thereafter, Abraham was not assigned to another CSRT panel. *Id.* Exh. F ¶ 24. According to Lt. Col. Abraham, whenever a CSRT concluded that a detainee was not an enemy combatant, the focus of the OARDEC leadership was "what went wrong." *Id.* Exh. F ¶ 23.

that it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Id.* The Supreme Court's extraordinary grant of rehearing and certiorari in *Boumediene* and *Al Odah* justified the recall of the Court of Appeals' mandates. These circumstances likewise justify relief in this case under Rule 60(b)(6).

The interest in finality drives the identical "extraordinary circumstances" requirements for mandate recall and Rule 60(b)(6) relief. Both are remedies of last resort, and their touchstone is the prevention of injustice.[3] Here, after years of indefinite detention, and with the jurisdiction of this Court plainly unsettled, it is unjust for the petitioners in this case – unlike the petitioners in *Boumediene*, *Al Odah*, and scores of district court cases stayed pending the Supreme Court's ruling in *Boumediene* and *Al Odah* – to be dismissed from federal court, to lose the benefits of the Amended Protective Order, and to have counsel access and communications cut off because of an accident of the calendar. The Supreme Court's extraordinary change of course occurred a mere 30 days after the dismissal of this case. Had the Supreme Court acted a month earlier, this case would almost certainly still be stayed "until such time as the [Supreme Court] resolves the question of this Court's jurisdiction to adjudicate these cases." Ryan Decl., Exh. A, at 7. Indeed, had the Supreme Court granted certiorari in the customary manner, respondents would not even have filed their motion to dismiss.

Under the circumstances, the Court should exercise its discretion under Rule 60(b)(6) to reinstate the petition, deny respondents' motion to dismiss without prejudice, and

---

[3]   *See Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 277 (D.C. Cir. 1971) ("The good cause requisite for recall of mandate is the showing of need to avoid injustice."); *id.* at 279 ("[T]he interest in finality of litigation must yield where the interests of justice would make unfair the strict application of our rules." (citation omitted)); *see also Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987) (Rule 60(b)(6) "was intended to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts.").

stay this case until the Supreme Court definitively resolves the question of this Court's jurisdiction to adjudicate this *habeas corpus* petition.

    **B.**    **The Court Has Power to Reinstate and Stay This Case Until the Supreme Court Decides the Constitutionality of the MCA**

The Court unquestionably has power to grant the relief petitioners request in this motion. Only the Supreme Court's ruling on the merits of the *Boumediene* and *Al Odah* petitions will definitively resolve the jurisdictional question at issue. Until the Supreme Court's decision, and notwithstanding the Court of Appeals' ruling in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), this Court retains the authority to determine its own jurisdiction, *see United States v. Ruiz*, 536 U.S. 622, 628, 122 S. Ct. 2450, 2454 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."), and the power to "to make orders to preserve the existing conditions and the subject of the petition." *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 291, 67 S. Ct. 677, 695 (1947) (internal quotation omitted). Given the legal uncertainty created by the Supreme Court's belated grant of certiorari in *Boumediene* and *Al Odah*, reinstating and staying this petition pending a final Supreme Court jurisdictional ruling is a limited, prudent course that will "preserve the existing conditions and the subject of the petition."

The Court of Appeals recently confirmed this Court's residual power to grant the relief requested here. On June 7, 2007, in *Al Ginco v. Bush*, No. 06-5161, the Court of Appeals denied the government's motions under *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) to (1) vacate various district court 30-day notice of transfer orders; and (2) dismiss the underlying district court *habeas corpus* petitions. In denying the government's motions, the Court of Appeals asserted that:

> The district court may consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals.

Ryan Decl., Exh. G, at 2. Notably, the Court of Appeals did not limit the scope of the district court's power to dismissal or to denial of the motions to stay and hold the *habeas corpus* petitions in abeyance. *See United Mine Workers of Am.*, 330 U.S at 292, 67 S. Ct. at 695 ("[T]he law contemplates the possibility of a decision either way, and therefore must provide for it."). This Court should therefore exercise its authority to reinstate the petition, deny respondents' motion to dismiss without prejudice, and stay this case until the Supreme Court renders a decision in *Boumediene* and *Al Odah*.

### C. The Court of Appeals and the District Courts Have Acted to Maintain the Status Quo Until the Supreme Court Rules in *Boumediene* and *Al Odah*

Petitioners' request to reinstate and stay this petition is consistent with recent actions by the Court of Appeals and the District Court in response to the Supreme Court's grant of rehearing and certiorari in *Boumediene* and *Al Odah* and the Court of Appeals' recall of its mandates. In several cases, the Court of Appeals and the District Court have entered orders to preserve the status quo until the Supreme Court definitively resolves the jurisdictional question.

On July 24, 2007, in *Hamdan v. Gates*, No. 07-5042, the Court of Appeals entered an order deferring consideration of Hamdan's petition for rehearing en banc until "the Supreme Court's disposition of *Boumediene v. Bush* and *Al Odah v. United States*, Nos. 06-1195 & 06-1196, *cert. granted* (U.S. Jun. 29, 2007)." Ryan Decl., Exh. H. Similarly, on August 9, 2007, in *Abdah v. Bush*, No. 05-5224, the Court of Appeals deferred consideration of the government's motion to vacate and dismiss until the Supreme Court's decision in *Boumediene* and *Al Odah*. Ryan Decl., Exh. I, at 2.

The District Court recently denied without prejudice respondents' motions to dismiss in several *habeas corpus* cases pending the Supreme Court's review in *Boumediene* and *Al Odah*. *See, e.g., Ameziane v. Bush*, No. 05-CV-0392 (ESH) (D.D.C. July 5, 2007) (minute order); *Kahn v. Bush*, No. 05-CV-1001 (ESH) (D.D.C. July 5, 2007) (minute order); *Maqaleh v. Gates*, No. 06-CV-1669 (JDB) (D.D.C. July 18, 2007), Ryan Decl., Exh. J, at 3; *Faraj v. Bush*, No. 05-CV-1490 (PLF) (D.D.C. July 27, 2007), Ryan Decl., Exh. K, at 1. In *Ba Odah v. Bush*, the District Court granted petitioners' motion to stay and abey, *see* No. 06-CV-1668 (HHK) (D.D.C. July 28, 2007), Ryan, Decl., Exh. L, at 2, while in many other cases, the District Court has simply maintained a preexisting stay rather than rule on respondents' motion to dismiss.

In these cases, the Court of Appeals and the District Court recognized that the Supreme Court's grant of certiorari and the Court of Appeals' recall of the *Boumediene* and *Al Odah* mandates warrant maintenance of the status quo rather than dismissal.

## CONCLUSION

Petitioners' request for relief under Rule 60(b)(6) is simple, sensible, and amply justified by extraordinary circumstances. After years of imprisonment without any fair and neutral process, they wish to remain in court and to preserve the access to counsel that the Amended Protective Order affords. Until the Supreme Court decides whether the MCA's elimination of *habeas corpus* jurisdiction violates the Suspension Clause of the Constitution, dismissal of this petition for lack of subject matter jurisdiction is premature.

The Court should accordingly enter an Order (1) vacating this Court's May 30, 2007 Memorandum Opinion & Order dismissing this case for lack of subject matter jurisdiction; (2) denying without prejudice respondents' April 19, 2007 motion to dismiss; and (3) staying this

petition until the Supreme Court's decision in *Boumediene v. Bush* and *Al Odah v. United States*, Nos. 06-1195 and 06-1196.

Respectfully submitted,

DECHERT LLP
*Counsel for Petitioners*

Dated: August 17, 2007       /s/Peter M. Ryan
Rebecca P. Dick
D.C. Bar No. 463197
Carolyn M. Welshhans
D.C. Bar No. 489120
1775 I Street, N.W.
Washington, D.C. 20006
(202) 261-3300 (Tel.)
(202) 261-3333 (Fax)

George G. Gordon
Peter M. Ryan
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (Tel.)

Daniel C. Malone
30 Rockefeller Plaza
New York, NY 10112
(212) 698-3500 (Tel.)
