IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI SHAH MOUSOVI, *et al.*, | : |
| *Petitioners/Plaintiffs*, | : |
| v. | : Case No. 1:05-CV-1124 (RMC) |
| GEORGE W. BUSH, *et al.*, | : ORAL ARGUMENT REQUESTED |
| *Respondents/Defendants*. | : |

**PETITIONERS' REPLY BRIEF IN SUPPORT OF THEIR MOTION UNDER RULE 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE TO REINSTATE AND STAY THIS PETITION UNTIL THE SUPREME COURT'S DECISION IN *BOUMEDIENE v. BUSH*, NO. 06-1195, & *AL ODAH v. U.S.*, NO. 06-1196**

On August 22, 2007, two days after petitioners filed their Rule 60(b)(6) motion, this Court, in another Guantanamo habeas case, granted a Rule 60(b)(6) motion seeking identical relief – reinstatement and a stay pending the Supreme Court's decision in *Boumediene v. Bush* and *Al Odah v. Bush*, Nos. 06-1195 & 06-1196. Based on the same extraordinary sequence of events cited in petitioners' Rule 60(b)(6) motion, the Court reconsidered its May 9, 2007 jurisdictional dismissal of *Al-Shimrani v. Bush*, No. 05-CV-2249 (RMC):

> In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), the D.C. Circuit ruled that the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-366, 120 Stat. 2600 (2006), eliminated jurisdiction of the federal courts to consider habeas actions by Guantanamo detainees, and that the Guantanamo detainees, as aliens outside the sovereign territory of the United States, lack constitutional rights and therefore lack standing to challenge the elimination of jurisdiction. The mandate issued on June 27, 2007 pursuant to Federal Rule of Appellate Procedure 41(b). The Supreme Court granted certiorari on June 29, 2007 in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) pursuant to Supreme Court Rule 44.2 and vacated its April 2, 2007 Order denying certiorari. On July 26, 2007, the Court of Appeals ordered that "the mandate be recalled" and that "[t]he Clerk of the United States District Court for the District of Columbia is directed to return forthwith to the United

> States Court of Appeals for the District of Columbia Circuit the mandate issued June 27, 2007." *Boumediene v. Bush*, D.C. Cir. No. 05-5062; *Al Odah v. United States*, D.C. Cir. No. 05-5064. In light of these recent events, the Court will grant the Petitioners' motion for reconsideration and will stay and hold this case in abeyance pending the Supreme Court's decision in *Boumediene*.

*See Al-Shimrani v. Bush*, No. 05-CV-2249 (RMC) (Docket No. 59) (Order dated Aug. 22, 2007).

Six days later, in *Ezatullah v. Bush*, No. 06-CV-1752 (RMC), this Court denied respondents' motion to dismiss without prejudice "[i]n light of the Supreme Court's recent grant of certiorari in *Boumediene v. Bush*, 127 S. Ct. 3078 (2007)," and ordered the case "stayed pending the Supreme Court's resolution of *Boumediene* on the merits." *See* No. 06-CV-1752 (RMC) (Minute Order dated Aug. 28, 2007).

The petitioners in this case – Izaatullah Nusrat, Haji Rohullah Wakil, Sabar Lal and Wali Mohammed – and the petitioners in *Al-Shimrani* and *Ezatullah* are identically situated. Each has been detained at Guantanamo for years without charge. Each seeks a writ of habeas corpus. Each asks for a neutral decision maker to determine the propriety of his initial arrest and indefinite detention. Each faced an identical motion to dismiss from respondents after the Supreme Court's April 2 denial of certiorari in *Boumediene* and *Al Odah*. And yet in their opposition brief, respondents – who plainly believe the Court's orders in *Al-Shimrani* and *Ezatullah* were incorrect – contend that the Court should nevertheless treat these identically situated detainees differently. Respondents offer no logical or principled justification for such an unjust result.[1]

---

[1] Indeed, one of the petitioners in this case and the petitioner in *Ezatullah* may be more than identically situated – they may be the same person. Respondents do not call attention to this in their opposition, but they contend in *Ezatullah* (without offering any evidence to establish the contention) that the petitioner in that case is in fact the *same individual* as Izaatullah Nusrat (ISN 977), a petitioner in this case. *See Ezatullah v. Bush*, No. 06-CV-1752 (RMC) (Docket No. 12, Respondents' Mot. to Dismiss, at 3 n.2); *see*

- 2 -

I.  **Petitioners' Request for Rule 60(b)(6) Relief Is Amply
    Justified by Extraordinary Circumstances**

Despite all evidence to the contrary, and notwithstanding this Court's express finding in *Al-Shimrani* that recent events justified Rule 60(b)(6) relief, respondents insist that no extraordinary circumstances exist. Opp., at 2. According to respondents, the Supreme Court's June 29 grant of rehearing and certiorari in *Boumediene* and *Al Odah* and the Court of Appeals' July 26 recall of its mandates are of no moment. Respondents never even mention, let alone try to distinguish, the Supreme Court's holding in *Calderon v. Thompson* that appellate mandates can *only* be recalled in extraordinary circumstances. *See* 523 U.S. 538, 550, 118 S. Ct. 1489, 1498 (1998).

Instead, respondents hammer at a point no one disputes: that *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), remains the law of this Circuit until the Supreme Court overturns it. For this very reason, petitioners seek reinstatement and a *stay* pending the Supreme Court's decision in *Boumediene* and *Al Odah*. Given the legal uncertainty created by the Supreme Court's belated grant of certiorari and the Court of Appeals' mandate recall, reinstating and staying the petition pending a final Supreme Court jurisdictional ruling is a prudent and just course of action that will "preserve the existing conditions and the subject of the petition." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 291, 67 S. Ct. 677, 695 (1947).

This relief is entirely consistent with this Court's orders in *Al-Shimrani* and *Ezatullah*, as well as the recognition by the vast majority of other Judges in this District that recent events warrant maintenance of the status quo rather than dismissal. *See, e.g.*, Ryan Decl., Exhs. J-L. It is also consistent with the Court of Appeals' recent orders in *Hamdan v. Gates*,

---

> *also id.* (Docket No. 18, Resp. to Mot. to Dismiss). If this is true, the Court's stay order in *Ezatullah* strongly warrants similar treatment of this petition.

No. 07-5042 (Order dated July 24, 2007), and *Abdah v. Bush*, No. 05-5224 (Order dated Aug. 9, 2007), deferring consideration of issues until the Supreme Court's ruling in *Boumediene* and *Al Odah*. Ryan Decl., Exhs. H-I.

Respondents concede that the Court has the power to grant this relief. Opp., at 5. They do not contend that reinstatement and a stay will cause them any prejudice. Instead, they suggest that only a Supreme Court overruling or a Court of Appeals en banc vacation of *Boumediene* can constitute extraordinary circumstances justifying Rule 60(b)(6) relief. Opp., at 2-3. This argument, however, conflates Rule 60(b)(6) with Rule 60(b)(5). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, 108 S. Ct. 2194, 2204 n.11 (1988) (bases for Rule 60(b)(5) and 60(b)(6) relief are mutually exclusive). Here, the relevant question is whether the limited relief of reinstatement and stay are fair and justified given (1) the Supreme Court's extraordinary change of course; (2) the Court of Appeals' equally rare mandate recall; (3) petitioners' years of indefinite detention; and (4) respondents' June 1, 2007 decision to cut off all attorney access and attorney-client communications. The Court should answer that question consistently with its orders in *Al-Shimrani* and *Ezatullah* and reinstate and stay this petition until the Supreme Court's decision in *Boumediene* and *Al Odah*.

## II. Respondents Have Identified No Reasonable Basis to Dismiss the Petitioners in this Case While Maintaining a Stay in *Al-Shimrani* and *Ezatullah*

In insisting that this case warrants a different result than the Court has afforded the petitioners in *Al-Shimrani* and *Ezatullah*, respondents offer only distinctions without a difference. Respondents evidently believe this Court's orders in *Al-Shimrani* and *Ezatullah* were incorrect. Their attempt to avoid the application of those orders here constitutes nothing more than an unwarranted invitation to the Court to reconsider its prior rulings.

Respondents' argument that this case is "all the less extraordinary" under Rule 60(b)(6) because petitioners did not appeal the May 30 dismissal order, Opp., at 3-4 & n.2, is a non sequitur. The Court's grant of Rule 60(b)(6) relief in *Al-Shimrani* had nothing to do with the filing of an appeal. The Court's ruling was based on "recent events" that satisfied Rule 60(b)(6)'s extraordinary circumstances requirement. Notably, the Court's catalogue of events justifying relief from the dismissal order does not include Al-Shimrani's filing of an appeal.

In any event, had petitioners in this case filed a notice of appeal, respondents would no doubt still argue that the Court should deny Rule 60(b)(6) relief. In *Al-Shimrani*, respondents characterized petitioner's appeal as a reason *not* to grant Rule 60(b)(6) relief.[2] According to respondents, the requirements for Rule 60(b)(6) relief shift like the horizon, always remaining well beyond any given petitioner's reach.

Respondents' citation to *Ackerman v. United States*, 340 U.S. 193, 71 S. Ct. 209 (1950), in support of their argument that the lack of an appeal somehow precludes Rule 60(b)(6) relief withers on minimal scrutiny. The Rule 60(b)(6) movant in *Ackerman* waited four years to seek relief that should have been sought under Rule 60(b)(1) within one year of the judgment. *See* 340 U.S. at 197, 71 S. Ct. at 211. Here, petitioners properly sought relief under Rule 60(b)(6) less than a month after the Court of Appeals' recall of the *Boumediene* and *Al Odah* mandates.

In *Ackerman*, moreover, the Supreme Court specifically noted that the movant had "free access" to counsel throughout his detention. 340 U.S. at 201, 71 S. Ct. at 213. Here,

---

[2] *See Al-Shimrani v. Bush*, No. 05-CV-2249 (RMC) (Docket No. 55, Respondents' Opp. to Mot. for Reconsideration, at 4) ("[Petitioner] has not, and cannot, demonstrate why he needs to have this Court take the extraordinary step of reinstating his habeas case."); *see also Saib v. Bush*, No. 05-CV-1353 (RMC) (Docket No. 66, Respondents' Opp. to Mot. for Reconsideration, at 3) (same).

by contrast, on June 2, 2007, two days after the May 30 dismissal order, respondents notified counsel for petitioners that "counsel access (both legal mail and in-person visits) is no longer permitted." Ryan Decl., Exh. B. Respondents' actions have prevented petitioners' counsel from discussing the May 30 dismissal with petitioners or even sending petitioners a copy of the Court's order. Petitioners seek Rule 60(b)(6) relief precisely because restoration of the Amended Protective Order will permit fair access to counsel and attorney-client communications.[3]

Finally, respondents try to distinguish this Court's stay in *Ezatullah* on the curious ground that the Court had not granted respondents' motion to dismiss in *Ezatullah* before the August 28 entry of the stay. Opp, at 4 n.2. By respondents' reasoning, the entry of judgment is itself sufficient ground to deny a Rule 60(b) motion – a position that reads Rule 60(b) out of the Federal Rules of Civil Procedure entirely. Respondents offer no explanation whatsoever as to why this distinction makes any substantive difference. Had this Court not granted respondents' motion to dismiss in this case, respondents would no doubt have argued – as they did in *Ezatullah* – that dismissal was required. *See Ezatullah v. Bush*, No. 06-CV-1752 (RMC) (Docket No. 19, Respondents' Reply in Support of Mot. to Dismiss, at 1) ("[T]his Court must dismiss the above-captioned petition with prejudice . . . .").

## CONCLUSION

Petitioners should remain before this Court, with the access to counsel that the Amended Protective Order affords, until the Supreme Court finally resolves the question of this

---

[3] Respondents also suggest that Rule 60(b)(6) relief is unwarranted because petitioners could file a petition in the Court of Appeals under the Detainee Treatment Act of 2005 (DTA), Pub. L. No. 109-148, Tit. X, 119 Stat. 2680. Opp, at 4. This suggestion is hollow. Counsel for petitioners cannot consult with petitioners about whether they wish to file a DTA petition because respondents have cut off petitioners' access to counsel. In any event, under the current protective order governing DTA petitions, respondents would still bar counsel for petitioners from sending petitioners a copy of this Court's May 30 dismissal order.

Court's jurisdiction to adjudicate this case. Accordingly, petitioners respectfully request that the Court enter an Order (1) vacating this Court's May 30, 2007 Memorandum Opinion & Order dismissing this case for lack of subject matter jurisdiction; (2) denying without prejudice respondents' April 19, 2007 motion to dismiss; and (3) staying this petition until the Supreme Court's decision in *Boumediene v. Bush* and *Al Odah v. United States*, Nos. 06-1195 and 06-1196.

                                                Respectfully submitted,

                                                DECHERT LLP
                                                *Counsel for Petitioners*

Dated: September 7, 2007                 /s/Carolyn M. Welshhans
                                                Rebecca P. Dick
                                                D.C. Bar No. 463197
                                                Carolyn M. Welshhans
                                                D.C. Bar No. 489120
                                                1775 I Street, N.W.
                                                Washington, D.C. 20006
                                                (202) 261-3300 (Tel.)
                                                (202) 261-3333 (Fax)

                                                George G. Gordon
                                                Peter M. Ryan
                                                Cira Centre, 2929 Arch Street
                                                Philadelphia, PA 19104-2808
                                                (215) 994-4000 (Tel.)

                                                Daniel C. Malone
                                                30 Rockefeller Plaza
                                                New York, NY 10112
                                                (212) 698-3500 (Tel.)

## **CERTIFICATE OF SERVICE**

I, Carolyn M. Welshhans, hereby certify that on September 7, 2007, I submitted via hand delivery an original and two true and correct copies of the foregoing Petitioners' Reply Brief in Support of Their Motion Under Rule 60(b)(6) of the Federal Rules of Civil Procedure to Reinstate and Stay this Petition Until the Supreme Court's Decision in *Boumediene v. Bush*, No. 06-1195, & *Al Odah v. United States*, No. 06-1196, to the Court Security Officer for review and filing under seal. The Court Security Officer served copies of this document on the following counsel of record for Respondents:

Judry Laeb Subar
Judry.Subar@usdoj.gov
United States Department of Justice
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7342
Washington, D.C. 20530
(202) 514-3969

Terry M. Henry
Terry.Henry@usdoj.gov
Senior Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7144
Washington, D.C. 20530

/s/Carolyn M. Welshhans
Carolyn M. Welshhans